NOT FOR PUBLICATION (Doc. No. 24)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| KAREN TUCKER, | : : : | |
| Plaintiff, | : : | Civil No. 14-4699 (RBK/KMW) |
| v. | : : | **OPINION** |
| HEWLETT PACKARD, INC., | : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Karen Tucker's ("Plaintiff") Motion for Reconsideration (Doc. No. 24), which the Court construes as an Amended Complaint. For the reasons expressed below, Plaintiff's Amended Complaint is dismissed for failure to comply with Fed. R. Civ. P. 8. The Court grants her one final opportunity to file an amended complaint alleging her products liability claim only.

**I.      PROCEDURAL HISTORY**

On July 29, 2014, Plaintiff filed a Complaint and an application to proceed in forma pauperis, which this Court granted on August 27, 2014. (Doc. Nos. 1, 2.) Defendant Hewlet Packard, Inc. ("Defendant") responded by filing a Motion to Dismiss on September 10, 2014. (Doc. No. 8.) On March 18, 2015, after Plaintiff filed several motions seeking leave to file an amended complaint (see Doc. Nos. 9, 18), this Court granted Plaintiff's requests and gave her leave to file an amended complaint. (Order, Doc. No. 23.) The Court found that Plaintiff's initial Complaint failed to specifically allege diversity jurisdiction and did not contain a "short plain

1

statement of the grounds of the court's jurisdiction" or "a short plain statement of the claim showing that the pleader is entitled to relief." (Doc. No. 23; see also Fed. R. Civ. P. 8.) The Court ordered that Plaintiff file an amended complaint, no longer than fifteen double-spaced pages, by April 1, 2015. (Doc. No. 23.) Accordingly, the Court denied as moot Defendant's Motion to Dismiss. (Id.)

On April 1, 2015 the Court received a filing from the Plaintiff titled "Motion for Reconsideration." (Doc. No. 24.) Although the motion is titled as one for reconsideration, it appears to be an amended complaint filed in response to this Court's March 18, 2015 Order. On April 20, 2015, Defendant filed a response to Plaintiff's Motion for Reconsideration, also treating the Motion as if it was an amended complaint. (Doc. No. 26.) Defendant moves to dismiss the Complaint for failing to comply with Rule 8 and this Court's March 18, 2015 Order or, alternatively, asks that Plaintiff be required to file an amended complaint that clarifies her claims.

## II.  FACTUAL ALLEGATIONS

Plaintiff seeks damages resulting from burns she suffered as a result of her Hewlett Packard ("HP") laptop shocking her. She bought the laptop from Staples sometime between May 2010 and January 2011, but the precise date is unclear from the face of the complaint. (Doc. No. 24 at 1.) The laptop apparently overheated and emitted electrical shocks, causing Plaintiff to suffer second and third degree burns to her hands. (Id. at 2.) Plaintiff went to Virtua Hospital for treatment. (Id.) Plaintiff claims she sustained second and third degree burns to her hands, nerve damage, bone marrow edema, inflammation, loss of use, and severe pain among other alleged injuries, as well as diminished earning capacity. (Id. at 9.) The Court is unable to determine when

precisely Plaintiff's injury occurred because the Amended Complaint is difficult to decipher and cites multiple dates as the date of her injury. (See id at 1, 2, 12.)

Plaintiff apparently sent the laptop to HP in order to get it repaired. The first time HP evaluated the laptop it found a "dust clog." (Id. at 7.) Apparently, Plaintiff sent the laptop back to HP for a second inspection. Linda Weijer, a Risk Manager at HP, told Plaintiff on August 20, 2013 that the laptop was tested and running within specifications. (Id. at 8.)

The Amended Complaint seeks damages relating to negligence, product liability claims, fraud, violations associated with the Consumer Product Safety Commission, and due process. The Amended Complaint also seeks the application of the common law doctrine res ipsa loquitur. Plaintiff seeks damages of $1 million and daily compounded interest of 23% or 33%. (Id. at 14–15.)

### III. LEGAL STANDARD

A Complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). A Court may sua sponte dismiss a complaint that fails to comply with Rule 8.

Courts are required to liberally construe pleadings drafted by pro se parties. Haines v. Kerner, 404 U.S. 519, 520 (1972). The pleadings are "held to less strict standards than formal pleadings drafted by lawyers." Id. Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

### IV. DISCUSSION

Plaintiff appears to present four different causes of action: (1) products liability pursuant to the New Jersey Product Liability Act, (2) fraud, (3) violations of consumer protection laws, and (4) Due Process.[1]  Defendant asks the Court to dismiss the matter for failure to comply with this Court's Order, or in the alternative, order Plaintiff to file another amended complaint that complies with Rule 8. (Doc. No. 26 at 3.)

The Court acknowledges that Plaintiff appears to have made efforts to comply with the Court's March 18, 2015 Order.  Her Complaint is fifteen pages long and double-spaced and contains a section titled "Short Plain Statement."  She also invokes 28 U.S.C. § 1332 as the basis for this Court's jurisdiction, properly citing the citizenship of the parties and an amount in controversy as support.

The Amended Complaint, however, is still filled with redundant, irrelevant, ambiguous, conflicting, and confusing allegations.  It fails to present a coherent set of facts that satisfies the Rule 8 requirements. For instance, Plaintiff states that she was injured by the laptop on March 6, 2014, "on or about March [or] May 2013," and March 6, 2013. (Doc. No. 24 at 1, 2, 12.)  The Court is unable to determine when Plaintiff was injured, which is the very basis of her claims.

The Court will therefore dismiss Plaintiff's Amended Complaint because Plaintiff has failed to comply with Fed. Civ. P. R. 8.  The Court finds that if Plaintiff further articulated the facts surrounding the alleged injury, her products liability claim may satisfy Rule 8's requirements.  It will therefore grant her one final opportunity to submit an Amended Complaint setting forth only her products liability claim.  Because the Court is still unable to decipher any

---

[1] Plaintiff also briefly mentions a negligence claim.  However, this Court previously noted that the negligence claim against Defendant is subsumed by the New Jersey Product Liability Act. (Doc. No. 23.)

basis for Plaintiff's fraud, consumer protection, and due process claims, the Court declines to grant Plaintiff leave to amend those claims.

## V.     CONCLUSION

For the reasons expressed above, Defendant's Amended Complaint (Doc. No. 24) is dismissed for failure to comply with Fed. R. Civ. P. 8.  The Court will grant Plaintiff one final opportunity to file an Amended Complaint on her products liability claim only.  The Second Amended Complaint must clarify the facts surrounding this claim and must eliminate any unnecessary, ambiguous, redundant, and conflicting allegations.  Plaintiff must file her Second Amended Complaint on or before November 12, 2015 under pain of dismissal with prejudice pursuant to Rule 41 for failure to comply with Rule 8.


Dated: 10/29/15                                                                s/Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                   United States District Judge