UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN TUCKER, : | |
| : | |
| Plaintiff, : | Civil. No. 14-4699 (RBK/KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| HEWLETT PACKARD, INC. : | |
| : | |
| Defendant. : | |

**KUGLER**, United State District Judge:

This case arises from allegations by Plaintiff Karen Tucker ("Plaintiff") that was injured by a malfunctioning laptop manufactured by Defendant Hewlett Packard, Inc. ("Defendant" or "HP"). Presently before the Court is Plaintiff's Motion for Reconsideration ("Plaintiff's Motion" [Dkt. No. 29]), but pursuant to this Court's previous Opinion and Order of October 29, 2015 [Dkt. Nos. 27, 28], Plaintiff's Motion is more appropriately considered a Motion for leave to file a Second Amended Complaint. Plaintiff has also filed a Motion to Expand the Record ("Plaintiff's Second Motion" [Dkt. No. 30]). HP opposes Plaintiff's Motion and alternatively moves to dismiss the Second Amended Complaint, and HP has taken no position on Plaintiff's Second Motion. For the reasons that follow, Plaintiff's Motion will be **DENIED**, Plaintiff's Second Motion will be **DENIED AS MOOT**, and the case will be **DISMISSED WITH PREJUDICE** for failure to comply with the Court's previous orders.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court has previously recited the facts of this case in its October 29, 2015 Opinion and incorporates those facts here. As relevant here, the Court dismissed Plaintiff's original

1

Complaint [Dkt. No. 1] and First Amended Complaint [Dkt. No. 24] for failure to comply with Federal Rule of Civil Procedure 8.  Plaintiff was expressly instructed that her "Second Amended Complaint must clarify the facts surrounding [the products liability] claim and must eliminate any unnecessary, ambiguous, redundant, and conflicting allegations," and put on notice that continued failure to comply with Rule 8 would leave to "dismissal with prejudice pursuant to Rule 41."  (Opinion (Oct. 29, 2015) at 5.)

On November 12, 2015, the Court received a filing from Plaintiff titled "Motion for Reconsideration" that is more appropriately considered a motion for leave to file a Second Amended Complaint ("SAC") pursuant to the Court's October 29, 2015 Opinion and Order. (*See generally* Pl.'s Mot.)  Plaintiff subsequently filed Plaintiff's Second Motion which seeks to "expand the record" to introduce a letter from non-party Staples stating that Staples was unable to locate the receipt for Plaintiff's purchase of her HP laptop.  (*See generally* Pl.'s Second Mot.) HP opposes permitting Plaintiff to file the SAC on the grounds that (1) the SAC fails to comply with the Court's October 29, 2015 Opinion and Order; and (2) even if it does comply, the SAC fails to state a claim.  (*See generally* HP Opp. [Dkt. No. 31-1].)  The Court understands Plaintiff to be invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff having identified herself as a citizen of New Jersey and HP as a Delaware corporation with principal place of business in Texas, and Plaintiff alleging over $75,000 in damages.

**II.     LEGAL STANDARD**

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  *Spruill v. Gillis*, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  A

Court may dismiss a complaint that fails to comply with Rule 8 on its own motion. When a complaint is inadequate, a court must grant the plaintiff leave to amend "unless it would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Courts are required to liberally construe pleadings drafted by pro se parties. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings are "held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se litigants must still allege facts which if taken as true will suggest the required elements of any claim that is asserted. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

Plaintiff has again failed to comply with the order of this Court. The Court acknowledges that Plaintiff has attempted to organize her allegations into a more coherent manner, including numbered paragraphs, but the SAC still fails. The SAC does not limit itself to allegations related solely to the product liability claim, incorporating claims related to the New Jersey Consumer Fraud Act, and is still filled with redundant, irrelevant, ambiguous, conflicting, and confusing allegations. Just like the First Amended Complaint, the SAC "fails to present a coherent set of facts that satisfies the Rule 8 requirements." (Opinion (Oct. 29, 2015) at 4.)

Even considering the lowered pleading standards for a pro se litigant, the SAC still does not satisfy Rule 8. Plaintiff states that she was injured "on or about March – May 1, 2013" (SAC ¶ 13) while also insisting March 6, 2014 is the date of injury (SAC ¶¶ 7 & 9) and demands judgment for damages from the period of March 2013 to the filing of the SAC (SAC ¶ 8). A panel of the Third Circuit in a non-precedential opinion in a similar case recently affirmed the district court's dismissal of a pro se complaint that it found "so unfocused as to be unintelligible,

and thus defies any attempt to meaningfully answer or plead to it." *Itiowe v. U.S. Gov't*, No. 15-3790, -- F. App'x --, 2016 WL 2990404, at *2 (3d Cir. May 24, 2016). The Court does not see that Plaintiff has complied with the Court's orders in drafting the SAC, and also does not see any compliance with Rule 8.

Leave to amend should be given freely, as this Court has acknowledged, but Plaintiff is not entitled to unlimited attempts to amend her complaint to satisfy the pleading requirements. To permit another attempt at amendment would unduly prejudice HP, and the Court is not convinced there would be utility in giving Plaintiff a third chance. Plaintiff's case will therefore be dismissed with prejudice for continued failure to comply with Rule 8 pursuant to Rule 41(b).

With respect to Plaintiff's Second Motion, the Court does not entirely understand what record needs to be expanded, nor does it see what relevance a letter from Staples saying that it cannot produce a copy of Plaintiff's receipt has on the matter. In light of the dismissal of the complaint with prejudice, Plaintiff's Second Motion will be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied, Plaintiff's Second Motion will be denied as moot, and this case will be dismissed with prejudice. An appropriate order accompanies this opinion.

Date: May  27th , 2016

                                              s/ Robert B. Kugler
                                              ROBERT B. KUGLER, U.S.D.J.