**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| KAREN TUCKER, | : | |
| | : | |
| Plaintiff, | : | Civil. No. 14-4699 (RBK/KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| HEWLETT PACKARD, INC. | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United State District Judge:

This case arises from allegations by Plaintiff Karen Tucker ("Plaintiff") that she was injured by a malfunctioning laptop manufactured by Defendant Hewlett Packard, Inc. ("Defendant" or "HP"). Presently before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1)–(6) ("Plaintiff's Motion" [Dkt. No. 35]). HP opposes Plaintiff's Motion. (*See generally* Def.'s Opp. [Dkt. No. 34].[1]) For the reasons that follow, Plaintiff's Motion will be **DENIED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court has previously recited the facts of this case in its October 29, 2015 Opinion [Dkt. No. 27] and in its May 27, 2016 Opinion [Dkt. No. 32] and incorporates those facts here. As relevant here, the Court dismissed Plaintiff's original Complaint [Dkt. No. 1], First Amended Complaint [Dkt. No. 24], and Second Amended Complaint [Dkt. No. 28] for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff failed to eliminate unnecessary, ambiguous,

---

[1] Defendant's Opposition has an earlier docket due to internal processing of Plaintiff's mailed-in motion and Defendant having e-filed its opposition.

1

redundant, and conflicting allegations as instructed by the Court, and thus on May 27, 2016 the Court in dismissing the proposed Second Amended Complaint dismissed Plaintiff's case with prejudice and terminated the action.  (*See* Order (May 27, 2016) [Dkt. No. 33].)

On June 6, 2016, the Court received a filing that purports to be a Motion for Relief from Judgment under Rule 60(b)(1)–(6).  (*See generally* Pl.'s Mot.)  Furthermore, on June 21, 2016, Plaintiff filed a Notice of Appeal as to the Court's May 27, 2016 Opinion and Order.  (*See* Notice of Appeal [Dkt. No. 36].)  On June 29, 2016, the Third Circuit Court of Appeals stayed the appeal pending disposition of the instant motion pursuant to Federal Rule of Appellate Procedure 4(a)(4).  (*See* Third Circuit Order [Dkt. No. 38].)  Thus, the Court retains jurisdiction to decide Plaintiff's Motion.

The Court understands Plaintiff to be invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff having identified herself as a citizen of New Jersey and HP as a Delaware corporation with principal place of business in Texas, and Plaintiff alleging over $75,000 in damages.

## II.    LEGAL STANDARD

Rule 60(b) provides six different avenues for which a party may seek relief from a final judgment, order or proceeding.  Although Plaintiff's Motion is styled as one for relief pursuant to Rule 60(b)(1)–(6), the Court cannot discern any basis from the moving papers why any of the provisions under Rule 60(b)(1)–(5) would apply.  Thus, the Court construes Plaintiff's Motion as one solely under Rule 60(b)(6).

Rule 60(b)(6) "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason" other than those listed elsewhere in the Rule.  *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed. R. Civ. P. 60(b)(6)).  "[A]s with any motion for

60(b)(6) relief, what must be shown are 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id.* at 115 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).  A Rule 60(b)(6) motion is not "a substitute for an appeal" or "a means for seeking review of this Court's previous opinion in the same case." *Petrossian v. Collins*, 523 F. App'x 861, 864 (3d Cir. 2013) (citing *Reform Party v. Allegheny Cty. Dep't of Elections*, 174 F.3d 305, 312 (3d Cir. 1999)).

## III.     DISCUSSION

Plaintiff twice failed to comply with the orders of this Court, and thus the Court exercised its authority to dismiss with prejudice Plaintiff's proposed Second Amended Complaint for failure to comply with Rule 8.  Plaintiff's Motion also fails to comply with Local Civil Rules 7.1 and 7.2, as it contains no brief and no legal argument.  Indeed, Plaintiff's Motion appears to, once again, be a proposed amended pleading.

The entirety of Plaintiff's argument, which is jumbled with unnecessary and confusing legalese and technical jargon, is that she is not an attorney, cannot afford an attorney, and did not understand the rules.  (*See* Pl.'s Mot. at 4.[2])  The Court twice provided Plaintiff a chance to file a complaint that would be acceptable under Rule 8, and twice Plaintiff failed to do so.  Plaintiff's argument does not meet the exacting standard of Rule 60(b)(6).  There are no extraordinary circumstances, and no extreme or unexpected hardship will occur if the Court's previous order is enforced.

---

[2] References to page numbers are to the page numbers assigned by the CM/ECF system.

## IV.     CONCLUSION

       For the foregoing reasons, Plaintiff's Motion will be DENIED.  An appropriate order accompanies this opinion.


Date:  August   11th  , 2016


                                                        s/ Robert B. Kugler
                                                   ROBERT B. KUGLER, U.S.D.J.