# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Karen TUCKER, | : |
| Plaintiff, | : Civil No. 14-4699 (RBK/AMD) |
| v. | : |
| | : **OPINION** |
| (HP) HEWLETT PACKARD, INC. and HEWLETT PACKARD COMPANY (HP), | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** arises from Plaintiff Karen Tucker's Motion for Reconsideration [Doc. No. 122], Motion for Miscellaneous relief [Doc. No. 125], and Motion for Summary Judgment [Doc. No. 126]. For the reasons articulated below, this Court **DENIES** the motions.

## I.     BACKGROUND

Plaintiff Karen Tucker presents this Court with a new wave of motions, many asking and re-asking the Court to grant previously denied requests. The Court has gone to great lengths to untangle the lengthy, often confusing, and meandering discussions presented by Plaintiff. The Court further follows the instructions of the Third Circuit and stands by the Court's liberal construction of *pro se* motions. As such, the current motions are best characterized as a Motion for Reconsideration [Doc. No. 122] of a Motion for Summary Judgment, Motion for Miscellaneous Relief [125], and Motion for Summary Judgment [Doc. No. 126]. The procedural history is as follows:

On January 2, 2018, Plaintiff Karen Tucker moved for summary judgment [Doc. No 75]. Subsequently, on or about March 20, 2018, Plaintiff moved to amend her Complaint [Doc. No. 85]. On May 4, 2018, Defendant Hewlett Packard, Inc. ("HP") filed a letter requesting leave to file an Answer the Second Amended Complaint [Doc. No. 101]. Thereafter, on or about June 1, 2018, Plaintiff filed a motion in opposition to Defendant's letter [Doc. No. 108].

On June 5, 2018, this Court issued an order: (1) denying Plaintiff's motion for summary judgment without prejudice; (2) denying Plaintiff's motion to amend her Complaint; (3) granting Defendant's request for leave to file an Answer to the Second Amended Complaint; and (4) denying as moot Plaintiff's opposition to Defendant's request for leave to file an Answer to the Second Amended Complaint [Doc. No. 109]. In that Order, the Court explained,

> 'The court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery,' *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Shelton v. Blesdoe*, 775 F.3d 554, 568 (3d Cir. 2015) ('If discovery is incomplete, a district court is rarely justified in granting summary judgment.'); *Otsuka Pharm. Co. v. Sandoz Inc.*, 2015 WL 7888710, at *1 (D.N.J. Sept. 9, 2015) (denying summary judgment motion because 'factual discovery remains ongoing and in its early stages').

[Doc. No. 109]. The Court added, "Plaintiff has the right to renew her motion for summary judgment at the close of discovery." *Id.*

Even though factual discovery was extended to July 16, 2018, Plaintiff filed a motion on July 3, 2018, requesting this Court to reconsider its Order of June 5, 2018 [Doc. No. 122]. Additionally, Plaintiff's Motion for Reconsideration seeks leave to supplement her prior Motion for Reconsideration dated June 7, 2018 [Doc. No. 112], with a transcript from the in-person status

conference held on April 27, 2018. Plaintiff also submits to this Court a Motion for Miscellaneous Relief, which asks the Court to consolidate this matter with an unrelated eighteen-year-old case involving the Plaintiff. [Doc. No. 125]. Finally, Plaintiff submits another Motion for Summary Judgment on August 15, 2018 [Doc. No. 126]. This Motion seeks $25 million from burning injuries allegedly sustained while using an HP product.

### II. DISCUSSION

The Court addresses Plaintiff's three motions in chronological order of filing.

**1. Plaintiff's Motion for Reconsideration is Denied as Untimely**

Under the Local Rules of this Court, motions for reconsideration are to be "filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). This Court entered the order at issue on June 5, 2018. Plaintiff's Motion for Reconsideration, however, was filed on or about July 3, 2018, nearly a month after the Court issued the Order Plaintiff is contesting. Therefore, Plaintiff's Motion for Reconsideration [Doc. No. 122] is untimely and **DENIED**.

**2. Plaintiff's Motion for Miscellaneous Relief is Denied as a Rule 42.1 Motion**

Plaintiff next presents the Court with an almost ninety-page, single-spaced motion for miscellaneous relief [Doc. No. 125]. While the Motion includes claims existing in other pending motions, it predominantly attempts to combine such claims with another pending case. As such, the Court treats this Motion as a Rule 42.1 motion for consolidation of cases.

Rule 42 states that a motion for consolidation must be "filed in the case bearing the earliest docket number." Fed. R. Civ. P. 42.1. The Rule allows consolidation of cases that share common issues of law and fact. Fed. R. Civ.P. 42(a) (2); *see also Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 103 n. 3 (3d Cir.1988) (finding that consolidation is appropriate where there are actions involving common questions of law or fact). "In deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J.2003) (citations omitted).

Plaintiff's motion for consolidation is denied because the cases do not appear to share any discernable issue of law or fact. Most obviously, the facts in this case relate to an allegedly defective product. Plaintiff seeks damages from burns she suffered as a result of her HP laptop injuring her. The other case relates to Medicare claims, and Plaintiff's nearly two-decade old guilty plea to a healthcare fraud. In addition, the Medicare case is against the Secretary of Health and Human Services regarding that prior plea.

Plaintiff simply does not show how the cases share any common questions of law or fact. Indeed, the only discernible commonality between the two cases is that both involve the same Plaintiff. This mere fact falls well below the consolidation standard of Rule 42. The Court therefore **DENIES** Plaintiff's motion, and this denial similarly includes all of Plaintiff's related requests that pertain to the unrelated Medicare claim.

### 3. Plaintiff's Motion for Summary Judgment is DENIED

Plaintiff next submits a Motion for Summary Judgment, seeking in excess of three million dollars[1] in damages. [Doc. No. 126].

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir.2004) (quoting *Anderson,* 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." *Aman v. Cort Furniture Rental Corp.,* 85 F.3d 1074, 1080 (3d Cir.1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

---

[1] The Court notes that the attached Order by Plaintiff asks for twenty-five million dollars. *Id.* at 10.

Here, Plaintiff brings her claim under the New Jersey Products Liability Act. In order to make a claim under this provision, she must show three things: (1) the product was defective, (2) the defect existed when it left the manufacturer's control, and (3) the defect proximately caused injuries to the plaintiff who was a reasonably foreseeable or intended user. *McMahon v. Gen. Dynamics Corp.*, 933 F. Supp.2d 682, 695 (D.N.J. 2013) (quoting *Myrlak v. Port Auth. of N.Y. and N.J.*, 723 A.2d 45 (N.J. 1999)).

The instant Motion does not establish that Plaintiff is entitled to relief under the New Jersey Products Liability Act. Most obviously, Plaintiff has not shown the lack of a genuine issue with regard to the second prong. In other words, Plaintiff has not adduced evidence to show that the alleged defect existed *when* it left the manufacturer's control. For example, Plaintiff has not adduced any testimony from people within the supply chain of the defective product. Instead, the Plaintiff relies on nothing more than a loose inference to support the second prong of the NJPLA. *Robertson v. Allied Signal, Inc.,* 914 F.2d 360, 383 n. 12 (3d Cir.1990) (stating that "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment"). Specifically, Plaintiff presents to this Court evidence that HP recalled Notebook Computer AC Power Cords due to fire and burn hazard. [Doc. No. 126-2]. Plaintiff attaches a Notice of Recall, which appears to include more than 5.5 million units in the United States. This notice, however, does not show that the product in question was defective at the time it left the manufacturer. Without either evidence that *all* products had the defect or more specific testimony regarding *this* product, the Court cannot rule as a matter of law that the product in question had a defect at the time of the manufacturer's control.

## III. CONCLUSION

For the reasons articulated above, the Court hereby **DENIES** Plaintiff Karen Tucker's Motion for Reconsideration [Doc. No. 122], Motion for Miscellaneous relief [Doc. No. 125], and Motion for Summary Judgment [Doc. No. 126]. An accompanying Order shall follow.


Dated: 3/14/2019

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge